

JAMES F. SCHNEIDER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re: | * | |
| SCOTT RAWLINGS ALDER, | * | Case No. 10-28229-JS |
| Debtor. | * | Chapter 7 |

* * * * * * * * * * * * * *

***MEMORANDUM OPINION IMPOSING SANCTIONS FOR VIOLATING THE DISCHARGE INJUNCTION***

Before the Court is the debtor's motion for sanctions for violating the discharge injunction. The motion will be granted for the reasons set forth.

***FINDINGS OF FACT***

1. On October 9, 2008, Jesse and Jeri Hannon (the "Hannons"), Pamela Boyle, Michael T. Brunner,[1] and Scott Alder ("Alder"), the debtor, executed a lease guaranty in support of a lease agreement between 2345 York Road LLC and Acclaimed Marketing, Inc. [Ex. 1]. On August 10, 2010, Alder filed a Chapter 7 petition in bankruptcy. The Trustee filed a Report of No Distribution on October

[1] A similar motion is pending before the Honorable Robert A. Gordon in the Chapter 7 Bankruptcy case filed by Michael T. Brunner. Case No. 10-24456-RAG.

14, 2010 [P. 33]. Alder scheduled the Hannons as creditors for an unrelated state court case. The Hannons received notice [P. 9] of the bankruptcy proceeding on August 11, 2010. On November 12, 2010, Alder was granted a Chapter 7 discharge [P. 19] pursuant to section 727 of the Bankruptcy Code. The scheduled creditors, including the Hannons, received notice of the discharge [P. 21].

2. Almost five years later, the Hannons initiated a civil action [Ex. 4] in state court seeking contribution from Alder for breach of contract pursuant to the lease guaranty. In their complaint, the Hannons stated that they entered into a settlement agreement with 2345 York Road LLC, for $60,000.00 to settle claims arising from the lease guaranty. *Id*. Alder contacted Joseph Selba ("Selba"), his attorney, for legal guidance. Selba contacted the Hannons' counsel, Amanda Joiner ("Joiner") in an attempt to obtain a dismissal of the Hannons' suit.

3. Selba told Joiner that unless the Hannons dismissed the case, Alder would seek sanctions in state or federal court. Joiner rejected the request based upon her belief that the claim arose after the discharge. On October 21, 2015, Alder moved to dismiss the state court action. Selba attempted again to convince the Hannons to dismiss the case, but was not successful.

4. On March 14, 2016, Alder filed a motion to reopen the instant bankruptcy case to enforce the discharge injunction [P. 27]. When the Hannons continued to

defend their position that their claim was not discharged, Alder moved for sanctions [P. 33].

5. At an evidentiary hearing, the Hannons held fast to their argument that their claim arising from the lease guaranty was not discharged, that they had not violated the discharge injunction, and therefore that they were not subject to sanctions.

***CONCLUSIONS OF LAW***

1. This Court has subject matter jurisdiction over the instant motion, which is a core proceeding, pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1334.

2. When a debtor in bankruptcy is granted a discharge, an injunction is imposed pursuant to 11 U.S.C. § 524(a)(2), barring creditors from collecting debts discharged pursuant to 11 U.S.C. § 727.[2] *Baxter v. Summerfield Inv., Grp., LLC. (In re Baxter)*, No. 14-00386, 2015 Bankr. LEXIS 3492, at *18 (Bankr. D. Md. Oct. 15, 2015). Discharge injunctions are enforced by bankruptcy courts pursuant to 11 U.S.C. § 105. *Sharpe v. Hertz Corp. (In re Sharpe)*, No. 06-1976, 2007 Bankr. LEXIS 1435, at *1 (Bankr. D. Md. Apr. 17, 2007) (citing *United States v.*

[2] "[T]he commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as personal liability of the debtor" is prohibited. 11 U.S.C. § 524(a)(2).

*Torres (In re Torres)*, 432 F.3d 20, 27 (1st Cir. 2005); *Hardy v. IRS (In re Hardy)*, 97 F.3d 1384, 1384–90 (11th Cir. 1996).

3. The discharge injunction is crucial to bankruptcy because it "eliminate[s] any doubt concerning the effect of the discharge as a total prohibition on debt collection effort, and to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it." *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 182 (Bankr. E.D. Va. 2000) (citations omitted).

4. In a Chapter 7 "no-asset" case, all scheduled and unscheduled unsecured claims against the debtor are discharged. *In re Stecklow*, 144 B.R. 314, 318 (Bankr. D. Md. 1992). In *Stecklow*, Judge Mannes held this to be the law in no-asset cases even when creditors did not receive notice of the filing of the bankruptcy case. *Id.* "The debtor may plead the discharge in bankruptcy court as a defense in the state court action." *Id.*

5. Section 101(5) of the Code defines claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5).

6. Congress intended the term "claim" to have a broad meaning. *Johnson v. Home State Bank*, 501 U.S. 78, 88 (1991). Guaranty agreements are claims that may be discharged pursuant to 11 U.S.C. § 727. *Stucker v. Cardinal Bldg. Materials, Inc.*, 153 B.R. 219, 222 (Bankr. N.D. IL. 1993).

7. In the instant case, Alder's execution of the guaranty created a prepetition contingent claim in favor of the Hannons. Their argument that Alder's "obligation to the Hannons matured in October 2014 when the Settlement Agreement was executed[,]" is immaterial because, as stated above, the term "claim" includes "unmatured and/or "contingent" rights to payment.[3] [P. 29]

8. The Fourth Circuit has held that,

> Section 105 authorizes a bankruptcy court to hold a party in civil contempt for violating an order of the court, including a discharge order. *See In re Barbour*, 77 B.R. 530, 532 (Bankr. E.D. N.C. 1987). Most courts to have considered the issue of contempt sanctions in this context have settled on a two-part test which we adopt: (1) whether the creditor violated the injunction, and (2) whether he or she did so willfully. *See, e.g., In re*

[3] The Hannons argued that the guaranty continues in force against Alder because an executory contract that is "neither rejected nor assumed passes through to the reorganized debtor," citing *In re Polysat, Inc.*, 152 B.R. 886, 890 (Bankr. E.D. Pa. 1993); In re Central Watch, Inc., and Abboud v. The Ground Round, Inc. (In re Ground Round, Inc.). 22 B.R. 561, 565 (Bankr. E.D. Wis. 1982); 335 B.R. 253, 262 (1st Cir. B.A.P. 2005); [P. 36]. These cases are inapposite because they involve application of an executory contract in the context of a Chapter 11 reorganization. Alder is a Chapter 7 debtor whose discharge includes all of his prepetition claims [P. 19]. Alder is not a reorganized debtor. The case of *In re Annabel*, 263 B.R. 19, 25–26 (Bankr. N.D. N.Y. 2001), which held that rejection of an executory guaranty constituted a breach of contract that did not extinguish the rights and obligations of the parties, is also not applicable to a guaranty that was discharged in a Chapter 7 proceeding.

> *Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002); *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996); *In re Cherry*, 247 B.R. 176, 187-88 (Bankr. E.D. Va. 2000).

*Bradley v. Fina (In re Fina)*, 550 Fed. Appx. 150, 154 (4th Cir. 2014) (unpublished opinion).

9. The Hannons' state court case sought contribution from Alder for a breach of the lease guaranty agreement, in spite of the fact that their pre-petition contingent claim was discharged, along with all other pre-petition claims, on November 12, 2010 [Ex. 4]. Therefore, the state court case was filed in violation of the discharge injunction.

10. Before imposing sanctions, this Court must find that the Hannons committed a willful violation of the discharge injunction. *Baxter*, 2015 Bankr. LEXIS 3492, at *20. The standard used to determine whether a violation of the discharge injunction was willful is the same as the standard used to determine whether a violation of the automatic stay was willful. *In re Cherry*, 247 B.R. at 187 (citing *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996) (noting that violations of the discharge injunction are akin to violations of the automatic stay imposed by 11 U.S.C. 362(a)).

11. Specific intent to violate the automatic stay is not needed to establish willfulness. *Baxter*, 2015 Bankr. LEXIS 3492, at *20. Willfulness is established by an intentional act with knowledge of the automatic stay. *Id.* at *21. "Good faith is not a valid defense." *Id.* (citing *Citizens Bank v. Strumpf (In re Strumpf)*,

37 F.3d 155, 159 (4th Cir. 1994) (reversed on other grounds); *In re Fina*, 550 Fed. Appx. 150, 154 (4th Cir. 2014); and *In re Cherry*, 247 B.R. at 187).

12. The Hannons were scheduled as creditors in the instant case and were given notice of the bankruptcy filing and discharge order [PP. 9, 21]. The Hannons have never disputed that they had knowledge of the bankruptcy case; rather they frequently mentioned that Alder scheduled the Hannons as creditors based on an unrelated claim [PP. 29, 36]. "[I]t is the intent to take the actions, not the intent to violate the discharge injunction, that is the test . . . ." *Baxter*, 2015 Bankr. LEXIS 3492, at *22. The Hannons had knowledge of the case filing and discharge and acted intentionally in filing the state court case. Therefore this Court finds that the Hannons willfully violated the discharge injunction and are subject to sanctions for contempt.

C. Damages

13. Willful violation of the discharge injunction will result in sanctions that "may include actual damages, attorney's fees and, when appropriate, punitive damages." *In re Cherry*, 247 B.R. at 187.

14. Generally each party in a legal dispute will bear its own litigation costs. *Baxter*, 2015 Bankr. LEXIS 3492, at *2. An exception to this rule applies when a court enforces a discharge injunction against a willful violation. *Id.* Alder submitted into evidence that he incurred $6,368.70 worth of legal expenses for

litigation involved in the instant case [Ex. 8]. This Court finds that the attorney's fees and costs requested are reasonable and will be granted in that amount. No evidence was submitted regarding other damages; therefore no other damages will be considered.

**WHEREFORE**, Alder's motion for sanctions is granted, and sanctions are imposed against Jesse Hannon and Jeri Hannon in the amount of $6,368.70.

***ORDER ACCORDINGLY.***

cc: Jesse and Jeri Hannon
614 Standhill Court
Timonium, MD 21093

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

Joseph M. Selba, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Terrance J. Shanahan, Esq.
Amanda S. Joiner, Esq.
P.O. Box 86996
Montgomery Village, MD 20886